UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 14-1958 AG (JCGx) | Date | August 12, 2015 |
|---|---|---|---|
| Title | MICHAEL WATSON v. SELECT PORTFOLIO SERVICING, INC., et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

| Proceedings: | [IN CHAMBERS] ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS |
|---|---|

Plaintiff Michael Watson ("Plaintiff") filed this case against Defendants Select Portfolio Servicing, Inc. ("SPS") and U.S. Bank N.A. (together, "Defendants") asserting various claims related to improper mortgage servicing. Before the Court is Defendants' Motion to Dismiss ("Motion," Dkt. No. 31) three of the four claims in the Second Amended Complaint ("SAC," Dkt. No. 29) . The Motion to Dismiss is GRANTED in part and DENIED in part.

BACKGROUND

The following facts are alleged in the Second Amended Complaint and taken as true for the purposes of this Motion.

SPS services Plaintiff's home loan, which is secured by a deed of trust. (SAC ¶¶ 8-10.) In December 2013, Plaintiff sent SPS a five-page letter with a list of 28 requests, including "A complete and itemized statement of the loan history from the date of the loan to the date of this letter including, but not limited to, all receipts by way of payment or otherwise and all charges to the loan in whatever form." SPS eventually provided some information, but failed to provide all the requested information. (*Id.* ¶ 14.) Plaintiff claims he suffered actual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1958 AG (JCGx) | Date | August 12, 2015 |
|---|---|---|---|
| Title | MICHAEL WATSON v. SELECT PORTFOLIO SERVICING, INC., et al. | | |

damages from SPS's failure to respond, including "attorney fees . . . , lost time, aggravation, emotional and physical distress." (*Id.* ¶ 16.)

## LEGAL STANDARD

A court should grant a motion to dismiss when, "accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party," a complaint fails to state a claim upon which relief can be granted. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012); see Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

The complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); see *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[A]nalyzing the sufficiency of a complaint's allegations is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Sheppard v. David Evans and Associates*, 694 F.3d 1045, 1051 (9th Cir. 2012).

If court decides to dismiss a complaint, it must also decide whether to grant leave to amend. "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency . . . or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010); *see also Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998) (holding that pleadings may be dismissed without leave to amend if amendment "would be an exercise in futility").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 14-1958 AG (JCGx) | Date | August 12, 2015 |
|---|---|---|---|
| Title | MICHAEL WATSON v. SELECT PORTFOLIO SERVICING, INC., et al. | | |

**PRELIMINARY MATTERS**

Defendants ask the Court to take judicial notice of several documents recorded in the Orange County Recorder's Office. (Dkt. No. 31-1.) The Court GRANTS that request.

**ANALYSIS**

**1. RESPA Claim**

As he did in the First Amended Complaint, Plaintiff claims that Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, by failing to properly respond to a letter that he sent to SPS. Defendants argue that the letter is not a Qualified Written Request ("QWR") requiring a response under RESPA and, further, that Plaintiff has not adequately alleged damages. The Court finds that Plaintiff sufficiently alleges that the letter is a QWR, but fails to sufficiently allege damages caused by SPS's failure to respond.

"[U]nder § 2605(e), a borrower's written inquiry requires a response as long as it (1) reasonably identifies the borrower's name and account, (2) either states the borrower's 'reasons for the belief . . . that the account is in error' or 'provides sufficient detail to the servicer regarding other information sought by the borrower," and (3) seeks 'information relating to the servicing of the loan." *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666 (9th Cir. 2012). Servicing a loan involves "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts . . . , and making the payments of principal and interest and such other payments. 12 U.S.C. § 2605 (i)(3). The term "servicing" does not include issues, such as loan origination, that precede the servicer's role. *Medrano*, 704 F.3d at 666-67. Thus, "letters challenging only a loan's validity or its terms are not qualified written requests that give rise to a duty to respond under § 2605(e). *Id.*

The letter that Plaintiff allegedly sent to SPS includes requests for information on loan payments, account entries, late charges, and other items associated with loan servicing. These requests are laid out in a detailed list. Plaintiff alleges that SPS failed to respond to all of these

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1958 AG (JCGx) | Date | August 12, 2015 |
|---|---|---|---|
| Title | MICHAEL WATSON v. SELECT PORTFOLIO SERVICING, INC., et al. | | |

requests. At this stage of the proceeding, those allegations are sufficient to show that Plaintiff submitted a QWR.

Defendant then argues that Plaintiff's allegations that he incurred "attorney fees . . . , lost time, aggravation, and emotional and physical distress" are insufficient to establish actual damages supporting a RESPA claim. Defendant argues that Plaintiff must specifically allege that he incurred attorney fees *after* Defendant failed to respond to the QWR. Defendant then argues that there are insufficient allegations linking Defendant's failure to respond to the QWR to any emotional or physical distress. The Court agrees that Plaintiff's allegations are insufficient. Plaintiff does not adequately link his distress to Defendant's failure to respond to the QWR, and, similarly, the allegations concerning attorney fees do not show that they were incurred because of Defendant's failure to respond. *See Durland v. Fieldstone Mortg. Co.*, No. 10-CV-125 JLS (CAB), 2011 WL 805924, at *3-4 (S.D. Cal. Mar. 1, 2011) (dismissing RESPA claim where the plaintiff alleged he suffered emotional distress and lost legal fees but failed to sufficiently allege any causal relationship between those injuries and the defendant's RESPA violation).

Plaintiff argues that he can address these deficiencies by amending the complaint to state a claim for statutory damages. He asserts that he can do this simply by alleging that SPS had a policy and pattern of ignoring QWRs. (Opposition, Dkt. No. 32, at 5:1-2.) The Court disagrees that a bald allegation of that sort would be sufficient. *See Durland*, 2011 WL 805924 at *4. Nevertheless, because this is the first time Defendant has challenged the sufficiency of Plaintiff's damages allegations supporting his RESPA claim, the Court will give Plaintiff leave to amend this claim.

## 2. RFDCPA Claim

Plaintiff inappropriately reasserts the same RFDCPA claim that the Court previously dismissed, without adding any new allegations. Therefore, for the same reasons previously cited, this claim is DISMISSED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 14-1958 AG (JCGx) | Date | August 12, 2015 |
|---|---|---|---|
| Title | MICHAEL WATSON v. SELECT PORTFOLIO SERVICING, INC., et al. | | |

### 3. UCL Claim

Defendant next argues that Plaintiff's UCL claim fails because Plaintiff doesn't properly allege damages. But Plaintiff does allege that he incurred at least $500 in legal fees preparing the QWR because of Defendant's HBOR violations. At this early stage, these allegations are sufficient.

The Motion to Dismiss is DENIED as to the UCL Claim.

### DISPOSITION

The Motion is GRANTED as to the RESPA claim and RFDCPA claim. The Motion is DENIED as to the UCL claim. Plaintiff may file an amended complaint within 14 days of this Order.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |